UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 23-0724 MCS (PVC) | Date: February 6, 2023 |
| Title   Job Dorrielan v. Warden | |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION AND IMPROPER FORUM**

Job Dorrielan ("Petitioner"), a United States Immigration & Customs Enforcement ("ICE") detainee proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2241 on January 30, 2023.  ("Petition," Dkt. No. 1).[1]  He is currently being confined at the ICE Krome North Service Processing Center in Miami, Florida.  (*Id.* at 2).  Petitioner argues that under the preliminary injunction issued in *Fraihat v. U.S. Immigr. & Customs Enf't*, 445 F. Supp. 3d 709 (C.D. Cal. Apr. 20, 2020), he is entitled to immediate release from custody.  (*See generally* Pet. at 2).

Petitioner is a citizen of Haiti.  (Pet. at 1).  He was detained by ICE in September 2022 after reporting for a routine check in.  (*Id.*).  He expressed his fear of returning to Haiti but was nevertheless taken into custody pending his removal.  (*Id.*).  He was later transported to Krome.  (*Id.* at 2).  Since his arrival at Krome, there have been "multiple Covid-19 outbreaks all over the facility."  (*Id.*).  Petitioner contends that because he is "overweight and suffer from multiple mental health disorders, [he] is part of the [*Fraihat*] Subclass of people at risk from Covid."  (*Id.*).  Petitioner contends that under *Fraihat*,

---

[1] For ease of reference, the Court cites to the Petition using ECF-generated pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-0724 MCS (PVC)                                        Date: February 6, 2023

Title   Job Dorrielan v. Warden

ICE must conduct an individualized review of his medical condition and "treat [his] risk factor(s) weighing in favor of release." (*Id.*; *see also id.* at 4).

In order to prevail on a habeas corpus claim, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *accord Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc). Section 2241 is the proper vehicle for granting habeas relief to a person who is not in custody pursuant to a state court judgment but rather is in custody for some other reason, such as a defendant in pretrial detention or an immigration detainee awaiting extradition. *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (citation omitted. Nevertheless, the Petition should be dismissed for several reasons.

First, this Court does not have jurisdiction over Petitioner's claims raised pursuant to the *Fraihat* preliminary injunction. Petitioner argues that he is a *Fraihat* class member and that his continued detention does not comply with the *Fraihat* preliminary injunction. (Pet. at 1–2). In *Fraihat*, immigration detainees brought a putative class action against ICE and other government defendants alleging that ICE had failed to ensure minimal lawful conditions of confinement at immigration facilities across the country during the COVID-19 pandemic, in violation of the Due Process Clause and Rehabilitation Act. 445 F. Supp. 3d at 718–34. On April 20, 2020, the District Court granted Plaintiffs' emergency motion for certification of two subclasses, *id*. at 736–41, and to reduce plaintiffs' risk of contracting COVID-19 infection while detained, issued a preliminary injunction requiring ICE to (1) promptly identify and track all ICE detainees with risk factors, (2) make timely custody determinations and possibly release detainees with risk factors under certain conditions, and (3) ensure that minimum acceptable detention conditions for detainees with risk factors are met. *Id*. at 750–51. However, On October 20, 2021, the Ninth Circuit Court of Appeals vacated the preliminary injunction issued in *Fraihat* and directed that all orders premised on it be vacated. *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 619 (9th Cir. 2021). Because Petitioner frames his habeas claim on the vacated preliminary injunction issued in *Fraihat*, he is not entitled to relief. Furthermore, even if the injunction were still valid, this Court is not the proper forum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-0724 MCS (PVC)                                       Date: February 6, 2023

Title         Job Dorrielan v. Warden

Instead, as a putative member of one of the *Fraihat* subclasses, he must raise his claim in that proceeding and not by way of a separate § 2241 petition.

Finally, even if Petitioner could state a valid § 2241 claim separate from his *Fraihat* allegations, this Court is not the proper forum. Instead, "a habeas petition filed pursuant to § 2241 must be heard in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000); *see Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *accord Rodriguez v. Holder*, No. C 11-4858, 2011 WL 13390365, at *1 (N.D. Cal. Oct. 25, 2011). Therefore, because Petitioner is currently confined in Miami, any valid § 2241 claim must be brought in the Southern District of Florida. *See* 28 U.S.C. § 89(c).

Accordingly, Petitioner is ORDERED TO SHOW CAUSE, within **21 days** of the date of this Order, why this action not be dismissed for lack of jurisdiction and improper forum. Petitioner may discharge this OSC by filing either (1) a memorandum setting forth why this Court has jurisdiction and is the proper forum for his claims or (2) a declaration, under oath, explaining why he is unable to do so. Alternatively, if Petitioner no longer wishes to pursue his claims, he may voluntarily dismiss this action. **A blank notice of dismissal is attached for Petitioner's convenience.**

**Petitioner is expressly warned that the failure to respond to this Order to Show Cause by the Court's deadline may result in a recommendation that this action be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| Initials of Preparer | mr |